**WARD-BEEKMAN, Inc., et al. v. ODOM et al.**

No. 26790.   March 16, 1937.

Byrne A. Bowman, Hal C. Thurman, and Harold C. Thurman, for petitioners.

Mac Q. Williamson, Atty. Gen., Houston W. Reeves, Asst. Atty. Gen., and Burton Duncan, for respondents.

BAYLESS, V. C. J. Ward-Beekman, Inc., and its insurance carrier petition this court for a review of an award made by the State Industrial Commission in favor of A. G. Odom, an injured employee.

The history of the matter to the time of the appeal to this court may be summarized. The employee was injured within the meaning of the act on October 31, 1930, but lost no time from his work until November 30, 1930. Between this last date and April 30, 1931, emp'oyee was paid $432. An agreement between employer and employee was approved on May 19, 1931, whereby they agreed employee had suffered a loss of physical condition of 28 per cent. and agreed to settle for $18 per week for 165 weeks, from November 30, 1931, or a total of $2,970, including the $432 already paid. December 31, 1934, employee filed a motion to reopen on the grounds of change of condition and fraud in procurement of the former settlement.

The commission heard the matter and made no mention of fraud as affecting the reopening of the matter, and we find no mention of it in the briefs, and therefore consider the issue not before us.

The commission reopened the matter by finding a change in physical condition for the worse and a further decrease in wage-earning capacity. This award must be reversed for the reason that the commission did not fix the date when these changes occurred. Such a fixing of time is essential. It must have been since the date of the award of May 19, 1931. Boardman v. Clark, 166 Okla. 194, 26 P. (2d) 906.

The principal difficulty with this case arises from the terms of the settlement which constituted the basis of the former award. By its terms the beginning of the 300-week period was set as of November 14, 1930, and compensation was paid for 165 weeks. The compensation provided for under the settlement and award was $18 per

week—the maximum under the law. Therefore, whatever the facts, there could be no change of condition as a matter of law which would entitle employee to more money during the 165 weeks, for he was receiving all the law allowed. For the purposes of this case, the condition of employee was adjudicated and he was awarded and paid the maximum under the law for 165 weeks, all before he filed the motion for further compensation which is now being considered.

If the facts, at the time the award of May 19, 1931, was made, justified an award under the "other cases" clause of $18 per week, it should have been for such weekly sum for 300 weeks, subject to continuing jurisdiction to change as to any aspect, except no upward raise in the weekly amount could be made. The settlement and award specified 165 weeks from November 14, 1930, and specifically recited that it was subject to further consideration and change under the continuing jurisdiction of the commission. Therefore, it was not a full settlement.

The commission by its former award in effect denied employer an allowance for the $432 paid during the healing period. There was no appeal from this and it is final. The 300 weeks began to run November 14, 1930, and not May 19, 1931, or April 30, 1931.

Therefore, the award is vacated and the cause is remanded with directions to find the date the 165 weeks expired, and to determine what Odom's condition was at that date or since by which he might be entitled to compensation under the "other cases" clause for the remaining 135 weeks of the 300 weeks, or any part thereof.

OSBORN, C. J., and WELCH, CORN, and GIBSON, JJ., concur.